

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded By art 29-d*
*V.C.S.*

Honorable Paul Holt, County Attorney
Honorable S. A. Belger, County Auditor
Travis County
Austin, Texas

Gentlemen:

Opinion No. 0-2582
Re: Officers' Salary Law.

Your request for opinion upon various questions relative to the Officers' Salary Law has been received and carefully considered by this Department. We quote from your letter as follows:

"Official announcement of the census for Travis County, Texas, for 1940, was made by Honorable Claud Wild, Supervisor of the census, on June 17, 1940, and said 1940 census for Travis County, Texas, was announced as 110,686 inhabitants.

"Said official census for 1940 places Travis County in the classification of counties containing as many as 100,001 and not more than 150,000 inhabitants, with reference to salaries of county and precinct officers.

"Will you, therefore, please advise us:

"1. Is it the duty of the Commissioners' Court, by reason of the change of population of Travis County, Texas, and the classification change of said county, as aforesaid, to fix the salaries of the officers named in Article 3912e, Section 13, in accordance with the limitations set out in said Article and section, and should the order of said court fixing said salaries

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Paul Holt, Honorable S. A. Belger, Page 2

be effective from June 17, 1940, the date of the announcement of said 1940 census for Travis County, Texas.

"2. If it is the duty of the Commissioners' Court to fix salaries as asked in the proceeding question, and the order so fixing said salaries is not effective from June 17, 1940, then from what date should said order be effective.

"3. Travis County, on August 24, 1935, had an official census of 77,777, and under Article 3891, came within the classification of counties containing as many as 60,001 and not more than 100,000 inhabitants. In fixing salaries of officers named in Article 3912e, section 13, shall the Commissioners' Court of Travis County, in arriving at the minimum and maximum limitations of said salaries, compute the earnings of said officers on the classification of counties containing as many as 100,001 and not more than 150,000 inhabitants."

"4. Article 3912e, section 13, provides, among other things: 'Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935;'

"Do the above words 'the sum earned by him as compensation' mean all fees earned, both collected and uncollected, or do said words mean collected fees only.

"5. Under fee laws existing on August 24, 1935, as applied to counties containing as many as 100,001 and not more than 150,000 inhabitants, the maximum recited in Article 3891 is $5,500.00. In arriving at the minimum and maximum limitations, provided in Article 3912e, section 13, shall the Commissioners' Court of Travis County be governed by the maximum of $5,500.00 stated as above, or is the maximum amount the amount stated in Article 3883, section 5, plus one-third of excess fees.

820

"6.  As provided by Article 3912e, section
2, the Commissioners' Court of Travis County, Texas,
has, by order passed on January 1, 1936, placed all
precinct officers on salary basis, which order has
been re-enacted each January 1st.  Is it the duty
of the Commissioners' Court of Travis County, Texas,
to fix the salaries of all precinct officers, in ac-
cordance with minimum and maximum limitations fixed
by law, at the time of the announcement of the offi-
cial census of Travis County, Texas, for 1940, as
above stated, or is it the duty of said court to fix
salaries of precinct officers on January 1st, 1941,
for the ensuing year, or shall such changes, if any,
be effective from the date of the passage of an order
changing said precinct officers' salaries.

Article 3912e, Section 13, Vernon's Annotated Texas
Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties having a
population of twenty thousand (20,000) inhabitants
or more, and less than one hundred and ninety thou-
sand (190,000) inhabitants according to the last
preceding Federal Census, is hereby authorized and
it shall be its duty to fix the salaries of all the
following named officers, to-wit:  sheriff, assessor
and collector of taxes, county judge, county attorney,
including criminal district attorneys and county at-
torneys who perform the duties of district attorneys,
district clerk, county clerk, treasurer, hide and
animal inspector.  Each of said officers shall be paid
in money an annual salary in twelve (12) equal install-
ments of not less than the total sum earned as compen-
sation by him in his official capacity for the fiscal
year 1935, and not more than the maximum amount allowed
such officer under laws existing on August 24, 1935;
. . ." (Underscoring ours)

Article 3891, Vernon's Annotated Texas Civil Statutes,
reads in part as follows:

"Each officer named in this Chapter shall first
out of the current fees of his office pay or be paid
the amount allowed him under the provisions of Article
3883, together with the salaries of his assistants and

Honorable Paul Holt, Honorable S. A. Belger, Page 4

deputies, and authorized expenses under Article
3899, and the amount necessary to cover costs of
premium on whatever surety bond may be required by
law. If the current fees of such office collected
in any year be more than the amount needed to pay the
amounts above specified, same shall be deemed excess
fees, and shall be disposed of in the manner herein-
after provided.

          " . . .

          "In counties, containing sixty thousand and one
(60,001) and not more than one hundred thousand
(100,000) inhabitants, district and county officers
named herein shall retain one-third of such excess
fees until such one-third, together with the amount
specified in Article 3883, amounts to Forty-seven
Hundred and Fifty Dollars ($4750). Precinct officers
shall retain one-third until such one-third, together
with the amount specified in Article 3883, amounts
to Twenty-six Hundred Dollars ($2600)."

          The Officers' Salary Law became effective January
1st, A. D. 1936. (Section 21, Article 3912e, Vernon's Anno-
tated Texas Civil Statutes.)

          Article 3898, Vernon's Annotated Texas Civil Stat-
utes, reads in part as follows:

          "The fiscal year, within the meaning of this
Act, shall begin on January 1st of each year; and
each district, county and precinct officer shall
file his report and make the final settlement re-
quired in this Act not later than February 1st of
each year; provided, however, that officers receiv-
ing an annual salary as compensation for their ser-
vices shall, by the close of each month, pay into
the Officers' Salary Fund or funds, all fees, com-
missions and compensation collected by him during
said month. . . ."

          Article 3912e, Section 2, Vernon's Annotated Texas
Civil Statutes, reads in part as follows:

          "The Commissioners' Court of each county in the
State of Texas, at its first regular meeting in Jan-

Honorable Paul Holt, Honorable S. A. Belger, Page 5

uary of each calendar year, shall, by order made and entered in the minutes of said court, determine whether precinct officers of such county (except public weighers and registrars of vital statistics) shall be compensated on a salary basis as provided for in this Act, or whether they shall receive as their compensation, such fees of office as may be earned by them in the performance of the duties of their offices, and it shall be the duty of the county clerk of each county to forward to the Comptroller of Public Accounts of the State of Texas on or before the 31st day of January a certified copy of such order. . . ."

Opinion No. O-2560 of this Department holds, among other things, that the salaries for the officers named in Section 13, Article 3912e, in counties having a population of 20,000 inhabitants or more and less than 190,000 inhabitants, according to the last Federal census, should be fixed for the year 1941, as provided by law existing August 24th, 1935, regardless of the population of such counties as shown by the 1940 Federal census. Under the facts relative to this opinion Limestone County, Texas, had a population of 39,497 inhabitants according to the 1930 Federal census and the preliminary census report made by the Federal census Bureau of the county's population in 1940 was 33,380 inhabitants. The opinion further holds that the minimum salary of any officer named in Section 13 of Article 3912e, supra, could not be less than the total sum earned as compensation by the incumbent of the office in his official capacity for the fiscal year 1935 and that the maximum salary could not be more than the maximum amount allowed such officer under laws existing on August 24th, 1935. We enclose herewith a copy of Opinion No. O-2560.

Opinion No. O-345 of this Department holds that under the officers' Salary Bill, the District Clerk of Limestone County, Texas, is entitled to "not less than the total sum earned as compensation" rather than "the sum collected" or "earned and collected," and in arriving at the correct minimum salary to be paid said officer, the Commissioners' Court should consider the sum total of both the fees collected and uncollected to which he would have been legally entitled for the year 1935. The opinion also holds that in computing said clerk's salary the Commissioners' Court should deduct from the total compensation earned, collected and uncollected, the ex-

Honorable Paul Holt, Honorable S. A. Belger, Page 6

penses of the office for the year 1935, which were legally allowed by the Commissioners' Court for that year. We en- close herewith a copy of Opinion No. 0-345.

We also enclose herewith a copy of Conference Opinion No. 3053 of this Department, which contains a full discus- sion of the minimum salary of a county attorney under the Officers' Salary Law.

Opinion No. 0-1595 of this Department holds that when annual salaries have been fixed for the officers named in Section 13 of Article 3912e, Vernon's Annotated Texas Civil Statutes, by the Commissioners' Court they cannot be changed during that year; however, that the Commissioners' Court could change the salaries for the following year, provided such sal- aries are not less than the total sum earned as compensation by the officer in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24th, 1935. We enclose herewith a copy of Opinion No. 0-1595, which contains a full discussion of this matter.

As stated in your letter, on August 24th, 1935, Travis County, Texas, had a population of 77,777 inhabitants, accord- ing to the last preceding Federal census of 1930. At that time, to-wit, on August 24th, 1935, the maximum amount allowed the county and district officers of Travis County under Articles 3883 and 3891, Vernon's Annotated Civil Statutes, was $4750.00. The maximum allowed precinct officers in Travis County on that date was $2600.00.

You are, therefore, respectfully advised that it is the opinion of this Department that the change in the popula- tion of Travis County, Texas, has no effect upon the salaries of the officers named in Section 13 of Article 3912e, Vernon's Annotated Texas Civil Statutes; that the maximum salary to be allowed any of said named county or district officers of Travis County, Texas, is $4750.00; that the maximum salary to be allowed precinct officers of Travis County, Texas, is $2600.00; that the minimum salaries to be allowed such officers is not less than the total sum earned as compensation by such officers in their official capacity for the year 1935; and that after salaries have been set they cannot be changed during the year by the Commissioners' Court.

Honorable Paul Holt, Honorable S. A. Belger, Page 7

Your first question is answered in the negative.

Your second question becomes moot in view of our answer to question No. 1.

Your third question is answered in the negative.

In answer to your fourth question, it is our opinion that all fees earned, both collected and uncollected, come within the words "the sum earned by him as compensation."

Your fifth question becomes moot in view of our holding that $4750.00 is the maximum salary to be allowed district and county officers of Travis County under the Officers' Salary Law.

Your sixth question is answered in the negative. It is our opinion that the Commissioners' Court has no authority to change the salaries of precinct officers during the year.

It is the opinion of this Department that the Commissioners' Court of Travis County has the authority to change the salaries of the officers named in Section 13 of Article 3912e, Vernon's Annotated Texas Civil Statutes, and of the precinct officers of Travis County, for the fiscal year 1941, provided same are set within the minimums and maximums allowed by law as above indicated.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 14, 1940

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

ASSISTANT
ATTORNEY GENERAL

WJF:BBB

ENCLOSURES